RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA

DATE ___10___,___26___,___05___
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION<br>SECTION "P"<br>NO. CR01-10012-002 |
| VERSUS | |
| CHRISTOPHER M. BROWN | JUDGE F. A. LITTLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by pro se petitioner Christopher M. Brown ("Brown") on February 9, 2005 (Doc. Item 387).[1] Brown is contesting his May 10, 2002, sentence of life imprisonment plus a $250,000 fine for his convictions, by a jury in the Alexandria Division of the Western District of Louisiana, on five counts of drug-related offenses. Brown's convictions and sentences were affirmed on appeal. U.S. v. Brown, 86 Fed.Appx. 749, 2004 WL 243491 (5th Cir. 2004). Brown did not apply for writs

---

[1] This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255; Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

of certiorari to the U.S. Supreme Court.

Brown raises the following grounds for relief in his Section

2255 motion:

1. Denial of the effective assistance of counsel when the government was allowed to withhold virtually all discovery until a few days before the trial, leaving Brown with insufficient time to familiarize himself with thousands of documents and try to develop a defense.

2. Denial of effective assistance of counsel on direct appeal due to appellate counsel's failure to investigate and challenge Brown's prior history points which were erroneously given to him by the probation officer in the presentence report and erroneously applied at sentencing.

3. Denial of effective assistance of counsel on direct appeal due to counsel's failure to raise meritorious claims that set legal precedents, failure to challenge the government's withholding of exculpatory evidence, allowing false testimony to go uncorrected, and allowing witnesses to misrepresent their plea agreements with the government.

4. Brown's conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant favorable evidence.

5. Brown's conviction was obtained and upheld through the many errors and abuses of discretion by the district court.

6. Brown's conviction was obtained through misconduct of the Assistant United States Attorney.

7. Brown is actually innocent of the sentence.

8. Brown's failure to raise on direct appeal all the issues presented in his Section 2255 motion was due to the ineffective assistance of counsel.

### Facts

The facts of this case were summarized by the United States

Fifth Circuit Court of Appeals at <u>U.S. v. Brown</u>, 86 Fed.Appx. 749,

2

2004 WL 243491 (5th Cir. 2004), as follows:

"These consolidated appeals arise out of the criminal trial of Timothy D. Brown, his brother Christopher Michael Brown, and Kenneth Wayne Pearson in the Western District of Louisiana. Count 1 of the thirteen-count indictment charged all three men with participation in a major drug distribution conspiracy stretching from 1993 to 1999 and encompassing parts of Louisiana and Texas. Other counts of the indictment charged the men with distributing various amounts of crack cocaine on several discrete occasions, charged Timothy Brown with money laundering offenses, and sought the forfeiture of assets connected to the substantive offenses. Pearson was represented by counsel, but the Browns represented themselves at trial. After seven days of trial, the jury found the defendants guilty on all charges, and the trial judge later found for the government on the forfeiture counts. The Browns were each sentenced to life imprisonment, plus additional sentences running concurrently."

"At his arraignment on June 7, 2001, Christopher Brown was represented by his own retained attorney, Dele Adebamiji. A month later, the government filed a motion to disqualify Adebamiji on the ground that he had represented one of the government's cooperating witnesses in a drug prosecution stemming from the same investigation that eventually led to Brown's indictment. The magistrate judge recommended that Adebamiji be disqualified and that the defendant be ordered to retain new counsel within twenty days of the ruling. The district judge adopted this recommendation on September 21, 2001.

"The defendant appeared before the magistrate judge on November 7 without a lawyer and said that he was unaware that he had been ordered to obtain new counsel. The magistrate judge told him that he could apply for court-appointed counsel if he could no longer afford his own. The magistrate judge then ordered Brown to inform the court, within twenty days, of whether he had obtained new counsel or instead intended to represent himself.

"The defendant appeared in court again on December 13. He informed the magistrate judge that he wished to file a motion to proceed pro se. The motion stated that Adebamiji had been 'unjustly disqualified' and that any

3

court-appointed lawyer would be 'working with the government and not in the defendant's best interest.' Brown reiterated this suspicion in open court. The magistrate judge told him that a court-appointed lawyer would be chosen by the public defender's office, which was separate from the prosecution, but Brown repeated that he did not want a court-appointed lawyer.

"The magistrate judge then engaged Brown in a lengthy colloquy in which the court inquired into Brown's mental health and education, [FN1] explained the charges and possible sentences Brown would face, told him about the many advantages a lawyer could offer, and warned that Brown would be held to the same rules as other parties. Brown admitted at one point during the exchange that he did not know what 'voir dire' meant. The magistrate judge asked if Brown was interested in having stand-by counsel appointed, but Brown said that he was not. After recommending to Brown once more that he not represent himself, the magistrate judge stated that he felt Brown had made a knowing, intelligent, and voluntary decision waive his right to counsel.

"FN1. Brown said that he had graduated from high school and claimed to have attended a semester of college. He said that he could read and write 'very well' and had no mental problems.

"After resolving a few pretrial motions filed by Christopher and his brother Timothy, who was also proceeding pro se, the case proceeded to trial on January 15. While Christopher's performance was certainly inferior to that of a skilled lawyer, he was not passive. He made a brief opening statement at the beginning of the trial, and most of the government's witnesses were cross-examined by both Browns, though Timothy's cross-examinations were generally longer. Some of Christopher's cross-examinations seriously damaged his own case: for instance, he elicited testimony that implicated the Browns in a killing and other crimes about which the jury would not otherwise have learned. The Browns called over a dozen witnesses in their case, with most of the direct examinations being performed by Timothy. In his own testimony during the defense's case, Christopher made statements about past run-ins with the police that opened the door to cross-examination on numerous prior arrests. Christopher delivered a closing argument, but he may have cut his argument short in the

4

mistaken belief that his brother would be able to use any leftover time." [Footnotes omitted.]

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law and Analysis

### The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

### Ground No. 1 - Discovery

First, Brown contends he was denied the effective assistance

5

of counsel when the government was allowed to withhold virtually all discovery until a few days before the trial, leaving Brown with insufficient time to familiarize himself with thousands of documents and try to develop a defense.

As set forth above in the facts of this case, Brown represented himself at trial. Therefore, he cannot claim ineffective assistance of counsel. McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944 (1984), citing Faretta v. California, 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2541 n.46 (1975). Also, United States v. Morrison, 153 F.3d 34, 55 (2d Cir. 1998); United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997), cert. den., 522 U.S. 846, 118 S.Ct. 130 (1997); Wanner v. Satran, 633 F.Supp. 257, 261 (D.N.D. 1986), app. den., 794 F.2d 678 (8th Cir. 1986). Moreover, pursuant to the district judge's pretrial discovery order, the government had until seven days before trial to provide some of the information and, therefore, did not "withhold" the discovery until too late. Finally, Brown failed to show exactly how he was prejudiced by specifying what information was provided "late" and precisely how his defense was affected.

Brown also claims he attended numerous hearings without counsel present, and that the district judge denied him the assistance of counsel by failing to sign an order to allow Brown to proceed pro se and, alternatively, by failing to appoint counsel to represent him. On direct appeal, the Fifth Circuit found that,

6

following a hearing before the Magistrate Judge, Brown knowingly and voluntarily waived his right to counsel and chose to represent himself. On a Section 2255 motion, the court need not relitigate issues that were raised by the petitioner in his direct appeal. Kastenbaum v. United States, 588 F.2d 138, 139 (5th Cir. 1979). Since this claim was raised and rejected on direct appeal, Brown may not raise it again on collateral review. U.S. v. Webster, 392 F.3d 787, 791 (5th Cir. 2004). See U.S. v. Brown, 86 Fed.Appx. at 757-758. Therefore, this claim should be dismissed.

Ground No. 2 - Criminal History Points

Next, Brown contends his appellate counsel provided ineffective assistance when she failed to investigate and challenge the criminal history points erroneously given to him in the presentence report and erroneously applied by the sentencing judge.

The time to object to criminal history points assigned in the presentence report was before sentencing, rather than on appeal. A district court's calculation under or application of the sentencing guidelines, standing alone, is not the type of error cognizable under section 2255. United States v. Walker, 68 F.3d 931, 934 (5th Cir. 1995), cert. den., 516 U.S. 1165, 116 S.Ct. 1056 (1996). However, a defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and ineffective assistance of counsel, if shown, is sufficient to establish the cause and prejudice necessary to overcome a procedural default.

<u>Walker</u>, 68 F.3d at 934, citing <u>Acklen</u>, 47 F.3d 739, 742 (5th Cir. 1995).

Brown contends he had ineffective assistance of appellate counsel due to his counsel's failure to appeal the inclusion of prior convictions more than fifteen years old in Browns criminal history points calculation, in violation of U.S.S.G. § 4A1.2(e)(1). However, Brown waived his claim as to the sentencing guidelines calculation by failing to object to the criminal history points in his objection to the presentence report; Brown only objected to the fact that the report failed to include anything favorable to the defendant in mitigation of sentence. Failure to object to either the presentence report or the district court's sentence results in review for plain error on direct appeal. <u>U.S. v. Ocana</u>, 204 F.3d 585, 588 (5th Cir.), cert. den., 531 U.S. 880, 121 S.Ct. 192 (2000). Also, <u>U.S. v. Staples</u>, 202 F.3d 992, 995 (7th Cir. 2000), citing <u>U.S. v. Olano</u>, 507 U.S. 725, 733, 113 S.Ct. 2770, 2777 (200). In any event, there is no merit to Brown's claim. The oldest convictions included in Brown's criminal history were from 1984 and 1986. The 15-year period is calculated from the day Brown was sentenced on his prior felony convictions through the date he commenced his instant offenses. U.S.S.G. § 4A1.2(e)(1). Since Brown was sentenced on his 1984 conviction in November 1984 and was sentenced on his 1986 conviction in April 1986, and Brown began committing the instant offenses in 1993, Brown's 1984 and 1986

convictions, as well as the subsequent convictions, clearly fell within the 15-year period and count as prior criminal history. U.S.S.G. § 4A1.2(e)(1).

Since there is no merit to Brown's contention that the oldest of his prior convictions were erroneously included in his criminal history calculation, Brown's appellate counsel did not render ineffective assistance by failing to raise this claim on appeal.

Ground No. 3 - Ineffective Assistance of Counsel on Direct Appeal

Next, Brown alleges he was denied the effective assistance of counsel on direct appeal due to his counsel's failure to raise "meritorious claims that set legal precedents" pursuant to Brady, Giglio, and Mason. Specifically, Brown contends his appellate counsel failed to challenge the government's withholding of exculpatory evidence (audio and video tapes), allowing false testimony to go uncorrected, and allowing witnesses to misrepresent their plea agreements with the government.

In Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-07 (1963), the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Wilson v. Whitley, 28 F.3d 433, 434 (5th Cir. 1994), cert. den., 513 U.S. 1091, 115 S.Ct. 754 (1995), citing U.S. v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481

(1985). In order to establish that evidence falls within the purview of Brady, a petitioner must establish that the evidence was (1) suppressed, (2) favorable, and (3) material. Williams v. Whitley, 940 F.2d 132, 133 (5th Cir. 1991). The determinative question is whether the evidence was material; that is, whether there is a reasonable probability that, had the report been disclosed to the defendant the result of the proceeding would have been different. Wilson v. Whitley, 28 F.3d at 434, citing Bagley, 473 U.S. at 682, 105 S.Ct. at 3383. In the case at bar, Brown has only stated vaguely that there were audio and video tapes which would have established his innocence. Brown has not alleged or shown specifically what and who would be on those tapes and exactly how they would establish his innocence, nor has Brown distinguished the alleged missing tape transcripts from the 8500 pages of documents that Brown admits in his brief (Doc. Item 391, p. 7) the prosecutor sent to him before trial. Although Brown contends the prosecutor lied and intentionally misled the court about his compliance with the court's discovery order, Brown offers no evidence to support this claim.

To prove the elements of a claim pursuant to Giglio v. United States, 405 U.S. 150, 153-54, 92 S.Ct. 763 (1972), a claimant must show that the prosecution knowingly presented or failed to correct materially false testimony during trial. Importantly, due process is not implicated by the prosecution's introduction or allowance of

10

false or perjured testimony unless the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements. Kutzner v. Cockrell, 303 F.3d 333, 337 (5th Cir.), cert. den., 536 U.S. 978, 123 S.Ct. 14 (2002). Brown has offered no evidence to prove either that the prosecution's witnesses committed perjury, or that the prosecutor knew his witnesses gave perjured testimony.

Finally, in U.S. v. Mason, 293 F.3d 826. 829 (5th Cir. 2002), the Fifth Circuit held that, pursuant to Giglio, a defense counsel's failure to avail himself of the policy making plea agreements available does not relieve the government of its affirmative responsibility to correct false testimony by a witness as to the existence or nature of his plea agreement. To prove a due process violation, the claimant must establish (1) the witness testified falsely; (2) the government knew the testimony was false; and (3) the testimony was material. Mason, 293 F.3d at 828. As stated above, Brown has not has not adduced any evidence to support his claim of perjury by unspecified witnesses.

Since Brown has not carried his burden of proving any Brady, Giglio, or Mason violations, he has not shown that he had ineffective assistance of counsel through his appellate counsel's failure to raise these issues on direct appeal. Therefore, this ground for relief is meritless.

Next, Brown alleges his conviction was obtained through the unconstitutional failure of the prosecution to disclose favorable evidence. Specifically, Brown contends the government failed to provide exculpatory audio and video tapes, although Brown "on one occasion specifically asked for the audio and video tapes in the Government's possession." Brown alleges this exculpatory evidence would have "clearly contradicted the testimony of the Government's witnesses and police officers."

As discussed above, Brown has failed to alleged specifically what exculpatory evidence was withheld, what it would have shown, and how it would have proven his innocence, nor has he adduced any evidence to prove a Brady violation by the government.

Brown also contends the prosecutor failed to provide Brown with it's witnesses' plea agreements, only put one plea agreement into evidence, and only provided Brown with the "Stipulation for Guilty Plea" for the government's witnesses. Brown has no evidence that anything other than the stipulation exists for the witnesses for whom a written stipulation was provided. Brown was aware of the stipulations and could (and apparently did) cross-examine the witnesses as to the existence of any plea agreement. Despite the fact that Brown believes some witnesses lied when they testified they did not have a plea agreement, it is likely those witnesses pleaded guilty and later testified against Brown with the hope of

12

obtaining a sentence reduction, pursuant to Fed.R.Crim.P. rule 35(b). Brown has failed to demonstrate the existence of plea agreements which were not provided to him.

This ground for relief is meritless.

Ground No. 5 - Trial Errors

Brown argues his conviction was obtained and upheld through the many errors and abuses of discretion of the district judge. Specifically, Brown contends the district judge deprived him of the presumption of innocence and a fair trial by (1) denying bond, (2) failing to compel the prosecution to turn over exculpatory evidence (witness statements and grand jury testimony) with which he could have impeached witnesses at trial, (3) failing to issue an order allowing Brown to proceed pro se, (4) allowing the prosecutor to violate the court's sequestration order (by permitting the case agent to talk to witnesses before they took the stand to testify), (5) failing to address Brown's written objections to the PSI before sentencing, (6) failing to have the voir dire and the detention hearing included as exhibits, (7) allowing the prosecutor to put on expert witnesses without giving Brown timely notice, (8) failing to give the jury a special instruction relating to the drug quantity attributable to a defendant charged in a multi-count indictment (this claim will be discussed with Ground No. 7), (9) sentencing Brown according to erroneous criminal history points, and (10) abusing his discretion when imposing Brown's fine by not

considering factors such as Brown's ability to pay and the length of the sentence.

First, Brown alleges the district judge unfairly denied him bond (bail). The Eighth Amendment of the United States Constitution does not set forth an absolute right to bail, but does guarantee a limited fundamental right to bail by proscribing excessive bail as well as cruel and unusual punishment. August v. Roemer, 771 F.Supp. 1458 (E.D.La. 1991), and cases cited therein (exhaustive discussion). In United States v. Salerno, 481 U.S. 739, 753, 107 S.Ct. 2095, 2105 (1987), the Supreme Court held that "when Congress has mandated detention on the basis of a compelling interest other than prevention of flight, [such as detention on the basis of risk of dangerousness], the Eighth Amendment does not require release on bail." Also, U.S. v. Hare, 873 F.2d 796, 800 (5th Cir. 1090). Instead, arrestees have a procedural due process right to have their eligibility for pretrial release on bail determined by an impartial decision maker. Augustus, 771 F.Supp. at 1465. In the case at bar, Brown was afforded a detention hearing on June 6, 2001, at which he was represented by counsel. The presiding Magistrate Judge denied bail and ordered that Brown be detained pending trial (Doc. Item 26). Since Brown was afforded all the process due him in his bail proceeding pursuant to the Bail Reform Act, he has not demonstrated a violation of his constitutional rights.

14

Next, Brown contends the district judge failed to compel the prosecution to turn over exculpatory evidence (witness statements and grand jury testimony) with which he could have impeached witnesses at trial. These issues were addressed in several pretrial hearings, at which the government claimed full compliance with discovery. Since, as discussed above, Brown has not shown exactly what evidence was not produced by the government and exactly how it would have exculpated Brown, nor has he proven such evidence existed, Brown has not carried his burden of proving a Brady violation, and this ground for relief is meritless.

Brown further contends the district judge violated his right to a fair trial by failing to issue an order allowing Brown to proceed pro se. A written order was not required. A hearing was held on the issue, and the Magistrate Judge made written findings and recommended that Brown be allowed to proceed pro se, which the district judge permitted Brown to do. This ground is meritless.

Next, Brown alleges he was denied a fair trial because the district judge allowed the prosecutor to violate the court's sequestration order by permitting the case agent to talk to witnesses before they took the stand to testify. First, Brown has not offered any evidence that the court's sequestration order was violated. Moreover, it is probable the government's witnesses spoke with the case agent prior to the start of trial. Finally, Brown has not shown specifically how he was prejudiced by the

alleged violation. Absent a specific showing of prejudice, there is no reversible error. U.S. v. Ramirez, 963 F.2d 693, 704 (5th Cir.), cert den., 506 U.S. 944, 113 S.Ct. 388 (1992), citing United States v. Bobo, 586 F.2d 355, 366 (5th Cir. 1978). This ground is also meritless.

Brown also contends the district judge erred in failing to have the voir dire and the detention hearing transcribed and included as exhibits. Brown has not raised any issues pertaining to these portions of the trial, not has he demonstrated any prejudice arising from not having these transcripts. This ground for relief is meritless.

Brown alleges the district judge erred in allowing the government to put on expert witnesses without giving Brown "proper notice," so Brown was unable to employ an expert to rebut the Government expert's testimony. Brown contends he was notified of the government's intent to put on expert witnesses on January 10, 2002, and that trial started January 15, 2002. However, Brown could have requested a court-appointed expert, but failed to do so. Brown has not produced any evidence to prove how his own expert would have testified at trial. The court will not assume that, had Brown employed an expert, his expert would necessarily have contradicted the government's expert. Since Brown cannot show prejudice, this ground for relief is meritless.

Next, Brown contends the district judge erred in sentencing

him according to the erroneous criminal history points assigned to Brown in the presentence report, and abused his discretion, when imposing a fine, in not considering such factors as Brown's ability to pay, the impact the fine has on Brown's dependents, and the length of the sentence.[2]  Brown also contends the district judge failed to address Brown's written objections to the presentence report before sentencing.  First, it is noted that Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and are not cognizable in § 2255 motions.  U.S. v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999), and cases cited therein.  Also, alleged violations of Fed.R.Cr.P. rule 32[3] (including the presentence report and sentencing hearing) that could have been raised on direct appeal or through a Rule 35 motion to correct a sentence are not cognizable for the first time in a Section 2255 proceeding. U.S. v. Weintraub, 871 F.2d 1257, 1266 (5th Cir. 1989).  Also, U.S.

---

[2] Brown was sentenced to life imprisonment and was fined $250,000, due immediately, with payments of $5000 per month to begin within 30 days of release if not paid in full by the time of release.

[3] Fed.R.Cr.P. rule 32 provides for the time for sentencing, the presentence investigation and report, the contents of the presentence report, the sentencing hearing, the imposition of sentence, the notification of the right to appeal, the judgment, and plea withdrawal.

17

v. Prince, 868 F.2d 1379, 1386 (5th Cir.), cert. den., 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). Therefore, Brown's claims as to the presentence report and criminal history points, which were not raised on direct appeal, are not properly before the court now.

Therefore, this ground for habeas relief is meritless.

Ground No. 7

Brown next contends the District Judge erred in sentencing him according to factors that were not presented to the jury, in violation of U.S. v. Booker and Blakely v. Washington. Brown also argued, as part of Ground No. 6, that the district judge erred in failing to give the jury a special instruction relating to the drug quantity attributable to a defendant charged in a multi-count indictment, essentially, arguing he was sentenced in violation of the Sixth Amendment, pursuant to United States v. Booker, because the judge, rather than the jury made findings of fact which affected the length of his sentence.

In Blakely v. Washington, 124 S.Ct. 2531, 2537 (U.S. June 24, 2004), the Supreme Court overturned a sentence which exceeded the standard maximum sentence provided by statute. Although, pursuant to a plea agreement, the State had recommended a sentence within the standard range of 49 to 53 months, the judge rejected the State's recommendation and, after a hearing, imposed an exceptional sentence of 90 months on the ground that petitioner had acted with

18

"deliberate cruelty," a statutorily enumerated ground for upward departure in domestic-violence cases. In finding the sentence imposed violated the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000),[4] the Supreme Court stated that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537. "In other words, the relevant 'statutory maximum'" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,'...and the judge exceeds his proper authority." Blakely, 124 S.Ct. at 2537. In United States v. Booker, 125 S.Ct. 738 (U.S. 1/12/2005), the Supreme Court specifically held that Blakely applies to the Federal Sentencing Guidelines.

---

[4] In Apprendi v. New Jersey, 530 U.S. at 490, 120 S.Ct. 2348, 2362-63, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt. Therefore, when a government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841, drug quantity is an element of the offense that must be submitted to a jury under Apprendi. However, when a defendant's sentence does not exceed the statutory maximum authorized by the jury's findings, Apprendi does not affect the sentence. U.S. v. Garcia, 242 F.3d 593, 599 (5th Cir. 2001), citing U.S. v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. den., 531 U.S. 117, 121 S.Ct. 1152 (2001).

Booker and Blakely are not retroactively applicable to Brown's case.  Judgment was entered against Brown on May 10, 2002, and his conviction was affirmed on appeal on March 15, 2004.  Since Brown did not file an application for writs of certiorari with the Supreme Court, his conviction became final on June 15, 2004, after the time for applying for writ of certiorari expired.[5]  Blakely was decided on June 24, 2004, after Brown's conviction was final; although Booker was decided afterward, it merely clarified that Blakely applied to the Federal Sentencing Guidelines as well as to state sentencing guidelines.

Since Blakely was decided after Brown's conviction became final, it would have to be applied retroactively to Brown's conviction, on collateral review through Section 2255.  However, in Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."  Since the Supreme Court has not yet done so, Blakely

---

[5] The Supreme Court defined a "final conviction," as opposed to a criminal case still pending on direct review, as a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S.Ct. 708, 712 n.6 (1987), citing United States v. Johnson, 457 U.S. 537, 542, n. 8, 102 S.Ct. 2579, 2582, n. 8 (1982).  Finality attaches when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.  Clay v. U.S., 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003).  Also, Dodd v. U.S., 125 S.Ct. 2478, 2480 (U.S. June 20, 2005).

cannot be retroactively applied to Brown's sentence through Section 2255 by this court. Compare, <u>Green v. U.S.</u>, 397 F.3d 101 (2nd Cir. 2005); <u>In re Anderson</u>, 396 F.3d 1336 (11th Cir. 2005); <u>Carmona v. U.S.</u>, 390 F.3d 200 (2nd Cir. 2004); <u>Cook v. U.S.</u>, 386 F.3d 949 (9th Cir. 2004); <u>Leonard v. U.S.</u>, 383 F.3d 1146 (10th Cir. 2004); <u>U.S. v. Ford</u>, 383 F.3d 567 (7th Cir. 2004), cert. den., 125 S.Ct. 927 (U.S. 2005); <u>U.S. v. Levy</u>, 379 F.3d 1241 (11th Cir. 2004). See also, <u>In re Elwood</u>, 408 F.3d 211, 213 (5th Cir. 2005) (<u>Booker</u> does not apply retroactively on collateral review for purposes of a successive Section 2255 motion).

Since <u>Blakely</u> and <u>Booker</u> are not retroactively applicable on collateral review, they are not applicable to Brown's case, and these grounds for relief are meritless.

## Ground No. 8 - Procedural Default

In this ground, Brown argues his claims would not have been procedurally defaulted but for the ineffective assistance of counsel on appeal. Since procedural default is not an issue in this case, this ground for relief is meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Brown's Section 2255 motion to vacate, set aside or correct sentence be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 25th day of October, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE