UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CV01-10012-02 |
| VERSUS | |
| CHRISTOPHER MICHAEL BROWN | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a "motion to modify and vacate fine" filed by Christopher Michael Brown ("Brown"), pursuant to Fed.R.Cr.P. rule 52(b), on June 29, 2009 (Doc. 498). Brown is contesting his $250,000 fine (total) imposed on May 10, 2002, in the United States District Court for the Western District of Louisiana, Alexandria Division, as part of Brown's sentence on one count of conspiracy to distribute 50 grams or more of cocaine base and four counts of distribution of cocaine base. Brown is serving a total sentence of life imprisonment. Brown contends he does not have the means to pay the fine and did not have the means to do so at the time of sentencing.

Fed.R.Civ.P. rule 52(b) provides, "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b) was intended to afford a means for the prompt redress of miscarriages of justice. By its terms, recourse may be had to Rule 52(b) only on appeal from a

trial infected with error so "plain" the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.  U.S. v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592 (1982).  Also, U.S. v. Gerald, 624 F.2d 1291 (5th Cir. 1980), cert. den., 450 U.S. 920, 101 S.Ct. 1369 (1981)(Rule 52(b) permits appellate courts to notice alleged errors which were not brought to the attention of the trial court if they constitute "plain error.").

Because Rule 52(b) was intended for use on direct appeal, the "plain error" standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal.  Frady, 456 U.S. at 1592, 102 S.Ct. at 164.  Once the defendant's chance to appeal has been waived or exhausted, the courts are entitled to presume the defendant stands fairly and finally convicted.  A collateral challenge may not do service for an appeal.  Frady, 456 U.S. at 1592-1593, 102 S.Ct. at 164-165.  An error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.  The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice.  Frady, 456 U.S. at 1593, 102 S.Ct. at 65.

2

In the case at bar, Brown filed a direct appeal and his conviction was affirmed in October 2006 (Docs. 367), filed a motion for collateral relief pursuant to 28 U.S.C. § 2255 in 2005 (Docs. 387, 391) which was denied (Docs. 405, 432), and filed a motion for retroactive application of revised crack sentencing guidelines (Doc. 452) which was denied by the district judge (Doc. 476) and is currently on appeal (Doc. 482).

Therefore, Brown's Rule 52(b) motion is not properly before this court. Brown must file his claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Since Brown has already filed a Section 2255 motion, he must apply to the Court of Appeals for permission to file a second Section 2255 motion.[1]

---

[1] Section 2244(b)(2) states: "A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless- (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; **and** (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Section 2244 (b)(3)(A) then qualifies (b)(2) by adding, "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (Emphasis added.) The requirement that the petitioner obtain authorization from the appellate court prior to filing in the district court is reinforced in (b)(4), which states, "(4) A district court shall dismiss any claim presented in a second or successive application *that the court of appeals has authorized to be filed* unless the applicant shows that the claim satisfies the requirements of this section."

Accordingly, it is recommended that Williams Rule 52(b) motion be dismissed as not properly before this court.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Brown's Rule 52(b) motion to modify and vacate fine (Doc. 498) be DISMISSED WITH PREJUDICE.

---

Thus, before Petitioner files his application in the district court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B). To be successful, Brown's motion must make a prima facie showing that either (1) his claim relies on a new rule a constitutional law that was made retroactive by the Supreme Court and was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through due diligence and the underlying facts, if proved by clear and convincing evidence, would be sufficient to establish that a reasonable trier of fact would not have found the applicant guilty of the underlying offense. See §§ 2244(b)(2) and (b)(3)(C). Brown should attach the following documents to his § 2244(b)(3) motion:
> (1) A copy of the proposed § 2255 motion for which he is requesting authorization to file in the district court;
> (2) Copies of (a) all previous § 2255 motions challenging the judgment or sentence received in any conviction for which he is currently incarcerated; (b) all previous § 2241 petitions challenging the terms and conditions of his imprisonment; and (c) any complaint, regardless of title, that was subsequently treated by the district court as a § 2255 motion or a § 2241 petition;
> (3) All court opinions and orders disposing of the claims advanced in (2) above; and
> (4) All magistrate judge's reports and recommendations issues in connection with claims advanced in (2), above.

If, after due diligence and through no fault of his own, Brown is unable to procure any of the documents described above, he should submit, in lieu of such documents, an affidavit describing the steps he has taken in efforts to procure them and explaining why he was unsuccessful.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 8th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE