UNITED STATES DISTRICT COURT　　　　　　　c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CASE NO. 1:01-CR-10012-02 |
| VERSUS | CHIEF JUDGE DRELL |
| CHRISTOPHER MICHAEL BROWN | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Christopher Michael Brown's ("Brown's") Motion Requesting Transfer of Seized Property. (Doc. 601). Brown requests that this Court order the Federal Bureau of Investigation ("FBI") to transfer the title and possession of seized guns to his mother, Mrs. Betty L. Brown.

Brown asserts that his mother is a law-abiding citizen. Brown further asserts that he is unable to use the firearms, as he is currently incarcerated with a sentence of life without the possibility of parole. Brown states that his elderly mother will sell the firearms to someone legally authorized to purchase and possess firearms upon receipt of the firearms.

In his motion, Brown attaches a letter from the FBI referencing his claim for the return of the firearms listed above. (Doc. 601-2). The letter states that Brown's claim was reviewed and conditionally granted, pursuant to 41 C.F.R. § 128-48.503. The letter notes Brown's status as a convicted felon prohibited from possessing a firearm and that he requests release to Mrs. Betty L. Brown and Mr. Robert L. Brown.

The specific firearms include:

1. one Taurus .357 caliber revolver, serial number NH986989;

2. one Marlin .22 caliber rifle, serial number 05161686;

3. one Ruger Mini 30 .762 caliber rifle, serial number 189-74737; and

4. one Ruger .223 caliber rifle, serial number 19625339. (Doc. 601-2, FBI Letter).

The Court may order the transfer of felon-owned firearms from government custody to a third party, only if the disposition prevents the felon from later exercising control or influence over the firearms and their use. See Henderson v. United States, 135 S.Ct. 1780, 1787 (2015). In considering a motion like Brown's, "the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922 violation." Id. However, the Court may disapprove the transfer if the Court determines that even that might fail to provide an adequate safeguard. Id.

The Court has no information on Mrs. Betty L. Brown and Mr. Robert L. Brown, other than what Brown states in his motion. Without further information on the proposed recipients, and assurances that the potential recipients would not allow Brown influence over the potential use of the firearms, the Court cannot make a determination as to Brown's motion.

Therefore, IT IS ORDERED that the United States respond to Brown's Motion Requesting Transfer of Seized Property. (Doc. 601) ON OR BEFORE February 6,

2017. Brown may file a reply to the Government's response ON OR BEFORE February 16, 2017.

Following the receipt of the parties' briefs, the Court may set a hearing on Brown's motion.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __13th__ day of January, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge