U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAR 29 2017

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CHRISTOPHER MICHAEL BROWN | CRIMINAL ACTION 1:01-CR-10012-02 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

I. Background

Before the Court is a motion requesting transfer of seized property (Doc. 601) filed by Christopher Michael Brown. A jury in the United States District Court for the Western District of Louisiana convicted Brown on one count of conspiracy to distribute crack cocaine, four counts of distribution of crack cocaine, and criminal forfeiture (Doc. 217). Brown was sentenced to one life sentence and four concurrent 40-year sentences (Doc. 276, p. 2). A motion to reduce sentence pursuant to an amendment to the U.S. Sentencing Guidelines is pending (Docs. 574, 596). The United States never instituted a forfeiture proceeding for the firearms seized from Brown and his co-defendants.

Brown sent a request to the FBI for a transfer of his firearms (Doc. 604, Ex.). In a letter dated October 7, 2016, the FBI noted that a convicted felon has a right to request a transfer of seized firearms pursuant to Henderson v. United States, 135 S.Ct. 1780 (U.S. 2015) (a convicted felon maintains an ownership interest in seized

firearms and has a right to alienate the firearms, as long as such alienation is heavily court-supervised). The FBI "conditionally granted" his request and directed Brown to file a motion for the transfer of his firearms with the District Court within ninety days (by December 29, 2016) (Doc. 601, Ex.). The FBI told Brown he must obtain a court order directing the transfer of the firearms (Doc. 601, Ex.). The FBI also informed Brown that it has only four of the firearms seized pursuant to this case (Doc. 601, Ex.). Brown contends the FBI seized more than the firearms the Government admits it has.

Brown then filed this motion requesting transfer of the seized property to his mother, Betty Brown, who is allowed to possess firearms (Doc. 604). Brown states that his mother intends to sell the firearms and, in lieu of the firearms, will accept the value of the firearms plus interest (Doc. 601). The United States opposes the motion (Doc. 604).[1] Brown filed a reply (Doc. 605).

Brown also requested an investigation into the missing firearms (Doc. 606). The Court ordered the United States to provide an accounting of what happened to each firearm seized in the investigation (Doc. 608). The United States provided a list of seven firearms, as well as ammunition, in its possession in connection with Brown's federal criminal case (Doc. 609). That list does not include a "30.06 styled rifle," a .25 caliber pistol, or a .45 caliber automatic pistol with a laser sight (Doc. 609). As stated

---

[1] The United States contends the District Judge denied Betty Brown's claims to the property in 2003. However, the forfeiture notice did not list any firearms and the District Judge dealt only with the property in the forfeiture proceeding, none of which was firearms. The District Judge denied Betty Brown's claims to the houses, cash, and cars as time-barred (Doc. 350, 351, 366).

by the United States in its brief (Doc. 609), additional firearms may have been seized by other, non-federal law enforcement agencies. Those firearms are not in the custody or control of the United States. Counsel for the Government stated he made inquiries. Metro Narcotics and the Alexandria Police Department both reported they could not find those three firearms without additional information such as the dates they were seized, serial numbers, or state case numbers. The United States contends that the firearms may have been destroyed in the 2013 purge of the Metro Narcotics evidence/property vault. The United States also points out that only a Ruger semi-automatic 223-caliber rifle was seized from Christopher Brown when he was arrested on May 31, 2001.[2]

Brown responded with information that the .45 automatic was confiscated by Officer Kary Beebe, the mini 14 was confiscated when Brown was arrested on May 31, 2001, and the rest of the requested firearms were taken on December 31, 1998 from "3603 Kopper Street" (Doc. 612).

II.   Law and Analysis

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a "person aggrieved by ... the deprivation of property may move for the property's return." However, once the criminal proceedings have concluded, the proceeding is treated as a civil action for return of property under 28 U.S.C. § 1331. Katouzi v. U.S. Dep't of Homeland Sec., 537 Fed. Appx. 320, 321 (5th Cir. 2013) (citing Clymore v. United

---

[2] Pursuant to La.C.C. Article 530, Brown is presumed to be the owner of that rifle. See State v. Feeback, 434 So.2d 466, 468 (La. App. 2d Cir. 1983).

3

States, 217 F.3d 370, 373 (5th Cir. 2000)). A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee. See Henderson, 135 S.Ct. at 1784; see also United States v. Jordan, 622 Fed. Appx. 345, 348 (5th Cir. 2015).

Pursuant to Henderson, 135 S.Ct. at 1786, a felon cannot petition for the return of seized firearms, because he no longer has a right to possess them. However, a felon can instead petition the Court to direct the transfer of his firearms to a third-party. Both are a petition for the Government to release the felon's firearms and, procedurally, are handled in the same manner.

If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property. However, when criminal proceedings have ended, that burden shifts to the Government. United States v. Oduu, 564 Fed. Appx. 127, 130 (5th Cir. 2014). When a defendant files a Rule 41(g) motion after the criminal proceedings have concluded, the motion is treated as civil action under 28 U.S.C. § 1331. See Oduu, 564 Fed. Appx. at 130.

A 6–year statute of limitations "applies to civil actions for the return of property" pursuant to 28 U.S.C. § 2401(a).[3] See Katouzie, 537 Fed. Appx. at 321

---

[3] 28 U.S.C.A. § 2401, Time for Commencing Action Against United States:
    (a) Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

(citing Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007)); see also Landry v. United States, 600 Fed. Appx. 216, 218 (5th Cir. 2015). Where no forfeiture proceedings were conducted, a claim accrues at the end of the limitations period during which the government is permitted to bring a forfeiture action. Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007) (citing Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 654 (2d Cir. 1998)). Therefore, the six-year statute of limitations commences when the five-year period for the government to commence forfeiture proceedings expired. For his challenge to be timely, therefore, Brown would have had to file his motion within eleven years of the date of the seizure. See Landry, 600 Fed. Appx. at 219.

Brown contends in his reply brief (Doc. 612) that his firearms were seized in 1998 and 2001. The eleven-year period in which Brown could have requested the return or alienation of his firearms expired in 2009 and 2012. Therefore, Brown's request for transfer of his firearms to a third person is time-barred by 28 U.S.C § 2401.[4]

Brown's Motion Requesting Transfer of Seized Property (Doc. 601) should be denied as time-barred.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Brown's motion requesting transfer of his firearms be DENIED AS TIME-BARRED.

---

[4] For any firearms seized by state or local law enforcement officials, Brown must make his demand to them. See U.S. v. White, 718 F.2d 260, 261 (8th Cir. 1983) (citing U.S. v. Prevatt, 414 F.2d 239, 241 (5th Cir. 1969)).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 29 day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

6