U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 1 2 2017

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 1:01-10012-02 |
| VERSUS | CHIEF JUDGE DRELL |
| CHRISTOPHER MICHAEL BROWN | |

## JUDGMENT

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (*de novo*) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that Brown's motion for transfer of his seized firearms (Doc. No. 601) is DENIED AS TIME-BARRED.

In so ruling we note the following:

Rule 41(e) of the Federal Rules of Criminal Procedure allows a property owner to seek return of property that has been seized by the government. A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee. See, Henderson v. United States, 135 S.Ct. 1780, 1784 (2015) (citing United States v. Martinez, 241 F.3d 1329, 1330–1331 (11th Cir. 2001)). But Rule 41(e) does not require the district court to order the government to return the property. Actions seeking the return of property are governed by equitable principles whether based on Rule 41(e) or on the general equitable

jurisdiction of the federal court. Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 51 (5th Cir.1993) (citing Richey v. Smith, 515 F.2d 1239, 1243 (5th Cir. 1975)). Whether to exercise that jurisdiction in a given case is subject to the sound discretion of the district court. See id.

The decision to exercise this power and thus exert jurisdiction over a given matter is left to the sound discretion of the district court. See U.S. v. Mason, 207 Fed. Appx. 477 (5th Cir. 2006). It is the equitable nature of the case which determines the analysis to be applied by the Court. Whether the matter is based on Rule 41(e) or the general equitable jurisdiction of the federal courts, all actions seeking the return of property are governed by equitable principles. See Industrias Cardoen, LTDA v. United States, 983 F.2d 49, 50 (5th Cir. 1993). Equitable principles require the Court to consider all of the facts involved along with the possible existence of irreparable harm to the movants and whether the movants have an adequate remedy at law. See In re F.B.I. Seizure of Cash & Other Prop. From Edwards, 970 F.Supp. 557, 559 (E.D. La. 1997).

The administrative forfeiture proceeding usually provides movants with an adequate forum to contest the legality of a seizure and all other issues necessary for the resolution of this type of equity matter. See In re F.B.I. Seizure of Cash and Other Property from Edwards, 970 F.Supp. at 560. However, in this case, the Government never instituted a forfeiture proceedings. The property seized was simply retained by the various law enforcement agencies that seized it, and some of

it now appears to be missing. The Government responded to this Court's order for an accounting of all of the seized property. The Government responded that the FBI has the guns and ammunition that were seized and placed into evidence at trial (the Clerk of Court returned did not retain that evidence), but has no record of the rest of the property that was not used at trial or that was taken by state and local law enforcement agencies. The government contends those agencies did not respond to its request for information concerning Brown's property.

Brown points out that he sent a letter to the FBI asking for the return or transfer of his property in 2008, but the FBI did not respond until 2016. Brown did not file a motion with the Court under Rule 41(e). Instead, Brown sat on his rights until 2016.

28 U.S.C. § 2401(a) states:

(a) Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

While this Court does not foster the retention of private property without legal authorization, it is incumbent upon the property owner to timely request the return of his property. Brown sent a letter to the FBI asking that his guns be transferred to a third party. However, the FBI did not respond to Brown's request and Brown did not follow up with a motion in this Court for the return or transfer of his property. Brown does not cite any authority for the proposition that a letter to

3

the government agency that seized the property interrupts or suspends the statute of limitations, and the Court has not found any. When the FBI did not respond to Brown's 2008 letter, Brown did not follow up with court action. Brown's letter to the FBI did not interrupt or suspend the running of the six-year limitations period for filing a court action for the return or transfer of his property.

Therefore, Brown's Motion Requesting Transfer of Seized Property (Doc. 601)is denied as time-barred.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana, on this __12th__ day of June, 2017.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4